# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| APEX COLORS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE No.: 2:13-CV-247-JEM |
| | ) | |
| PAUL BYKOWSKI, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on an Agreed Motion to Consolidate [DE 35], filed by the parties on January 14, 2016. The parties request that this matter be consolidated with an action pending before Magistrate Judge Cherry: Apex Colors, Inc. v. Chemworld International Limited, Inc., et al., Case No. 2:14-CV-273-PRC, previously consolidated with Apex Colors, Inc. v. Paul Bykowski, Case No. 2:14-CV-456-PRC.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Consolidation is appropriate for "cases that share the same questions of law or fact and where consolidation would not result in prejudice to any party." *Back v. Bayh*, 933 F. Supp. 738, 748 (N.D. Ind. 1996) (citing *Fleishman v. Prudential-Bache Sec.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984)). Courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results" as well as "the possibility of juror confusion or administrative difficulties." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008).

On July 22, 2013, Apex filed the instant lawsuit against Paul Bykowski asserting claims of breach of fiduciary duty, breach of contract, trespass, replevin, tortious interference with prospective economic advantage, violation of the Indiana Trade Secrets Act, and computer tampering. On

October 25, 2013, the parties in this case consented to magistrate judge jurisdiction. On March 14, 2014, Defendant Bykowski filed for bankruptcy protection in the Northern District of Indiana and on March 17, 2014, the Court stayed this case pending resolution of Defendant Bykowski's bankruptcy.

On June 6, 2014, Apex filed an Adversary Complaint seeking to avoid Bykowski's discharge raising claims of willful and malicious injury, embezzlement, and fraud or defalcation while acting in a fiduciary capacity, incorporating the same essential facts that were pending against Bykowski in this case. On December 12, 2014, the Bykowski Adversary Complaint was transferred to the District Court for consideration in Apex Colors, Inc. v. Paul Bykowski, Case No. 2:14-CV-456-PRC. On December 16, 2014, the parties in that case consented to magistrate judge jurisdiction.

On August 5, 2014, Apex filed a separate lawsuit against Chemworld International Limited, Inc., Chemworld International Limited, LLC, Atul Modi, and Manoj Modi in Case No. 2:14-CV-273-PRC raising claims of misappropriation, tortious interference with prospective economic advantage, and violation of the Indiana Trade Secrets Act, involving the same operative facts as this case. On October 16, 2014, the parties in that case consented to magistrate judge jurisdiction. On December 18, 2014, Case No. 2:14-CV-273-PRC and Case No. 2:14-CV-456-PRC were consolidated.

On February 29, 2016, the bankruptcy stay in the above captioned case was lifted. In the instant Motion, the parties request that this case be consolidated with Case No. 2:14-CV-273-PRC. The parties represent that consolidation of the cases would eliminate unnecessary cost and delay consequent to maintaining parallel cases and convenience the parties. The parties further represent that consolidation would preserve judicial resources because case deadlines were set by Magistrate

Judge Cherry on January 14, 2016, with the expectation that the cases would be consolidated.

The Court agrees that the above captioned case should be consolidated with Case No. 2:14-CV-273-PRC. The litigation involves the same parties, operative facts, and consolidation would provide for an efficient and uniform resolution of the common claims common claims alleging tortious interference with prospective economic advantage and violations of the Indiana Trade Secrets Act. Moreover, although the local rules provide for consolidation under the case with the earliest cause number, in this case consolidation into Case No. 2:14-CV-273-PRC promotes judicial efficiency since case deadlines have already been set by Magistrate Judge Cherry and that case has been proceeding while this case was stayed. *See* N.D. Ind. L.R. 42-2.

For the foregoing reasons, the Court hereby **GRANTS** the Agreed Motion to Consolidate [DE 35] and **ORDERS** consolidation of Case No. 2:14-CV-273-PRC and Case No. 2:13-CV-247-JEM. All future filings shall be made in Case No.2:14-CV-273-PRC **only**.

The Court hereby **DENIES as moot** Plaintiff's Motion to Consolidate [DE 32].

SO ORDERED this 17th day of March, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record