# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| APEX COLORS, INC. | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:14-CV-273-PRC |
| | ) |
| CHEMWORLD INTERNATIONAL LIMITED, | ) |
| INC., CHEMWORLD INTERNATIONAL | ) |
| LIMITED, LLC, ATUL MODI, MANOJ MODI, | ) |
| and PAUL BYKOWSKI, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Prohibit Andrew Garrett from Offering Expert Testimony on the Issue of Defendant Chemworld's Email and/or Data Spoliation [DE 610], filed by Defendants Chemworld International Limited, Atul Modi, and Manoj Modi (collectively "Chemworld") on April 30, 2018. Plaintiff Apex Colors, Inc. ("Apex") filed a response on May 25, 2018. Chemworld did not filed a reply.

This matter is also before the Court on Defendants' Second Motion to Prohibit Andrew Garrett from Offering Expert Testimony on the Issue of Defendant Chemworld's Email and/or Data Spoliation [DE 640], filed by Chemworld on June 5, 2018. Apex filed its response on June 19, 2018, and Chemworld filed a reply brief on June 26, 2018.

*1.    Procedural Background*

On September 22, 2017, the Court reset certain case management deadlines, extending the deadline for "expert reports" to October 20, 2017, and the deadline for "rebuttal reports" to December 22, 2017. These deadlines applied to both parties equally. *See* (ECF 535, 539).

On October 30, 2017, Apex served the expert report of Jerry Saperstein pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). On December 30, 2017, Chemworld served the rebuttal expert report of Jared Sikorski in response to Mr. Saperstein's expert report.

On January 2, 2018, counsel for Apex emailed counsel for Chemworld, in part, to ask for a supplement from Mr. Sikorski. (ECF 641, Ex. C). On January 5, 2018, Chemworld served the requested supplement and asked to coordinate the experts' depositions. (ECF 641, Ex. D).

On February 27, 2018, the Court held a telephonic hearing on Chemworld's motion to extend deadlines. (ECF 572). At the hearing, the following exchange took place:

> **THE COURT**: All right. Then I need to reset deadlines for expert disclosures apparently, and rebuttal reports, and to close expert discovery.
>
> **ATTORNEY PATRICK McEUEN**: Your Honor, this is Patrick McEuen. I believe we have exchanged all of our expert reports. We just have not completed discovery. And I don't know that we want to leave additional expert discovery or disclosure open. I don't know. I'd have to hear from the plaintiff on that.
>
> **THE COURT**: Is it done?
>
> **ATTORNEY JOHANNA RAIMOND**: We might -- we might do a rebuttal to the report that we received from your expert. So if we are going to have dates we would, you know, like to have those.
>
> **ATTORNEY PATRICK McEUEN**: To designate an additional ESI expert?
>
> **THE COURT**: Was that a question, Pat?
>
> **ATTORNEY PATRICK McEUEN:** Yes, I'm sorry, Your Honor. Ms. Raimond, when you're talking about responding to the Ford (phonetic) discovery report, that rebutted the other from your [sic]
>
> **ATTORNEY JOHANNA RAIMOND**: Right.
>
> **ATTORNEY PATRICK McEUEN**: -- so it's like a surrebuttal report?
>
> **ATTORNEY JOHANNA RAIMOND**: If you want to call it that, or a rebuttal to your expert.

**ATTORNEY PATRICK McEUEN**: Okay.

**THE COURT**: All right. So we're done with disclosure of original reports, and we still need a deadline for rebuttal reports, it sounds like. Johanna Raimond, what would you suggest, since you're going to be filing or serving a rebuttal report?

**ATTORNEY JOHANNA RAIMOND**: If we could also have that on March 30th, that would be good.

**THE COURT**: Any problem with that, Patrick?

**ATTORNEY PATRICK McEUEN**: None, Your Honor.

(ECF 641-5, pp. 5-7).

On March 30, 2018, Apex served Chemworld with the rebuttal report of expert witness Andrew Garrett, which is at issue on the instant motion.

On April 17, 2018, Chemworld served Apex with a rebuttal expert report authored by Chemworld's expert witness—Mr. Sikorski—in response to Mr. Garrett's March 30, 2018 rebuttal expert report.

On May 3, 2018, Mr. Saperstein, Apex's expert witness, emailed counsel for Apex and stated, "My understanding is that I was constructively terminated via email on January 19, 2018." (ECF 650-1, ¶ 2). Mr. Saperstein further stated that, until Apex paid him the entire balance due for his services plus a retainer, he would not provide any services to Apex and would not appear at an evidentiary hearing. *Id*. at ¶ 4. Mr. Saperstein expressed concern in the email that Apex had misled the Court by stating in a motion that Apex would call Mr. Saperstein as a witness at a hearing, when Mr. Saperstein would not testify until he was paid in full. *Id*. at ¶¶ 4, 7.

On May 4, 2018, counsel for Apex responded to Mr. Saperstein, writing, "[a]s to your assumption you were 'terminated,' that is not true, but Apex did choose to retain an additional expert

to prepare a rebuttal report." (ECF 650-2). Counsel for Apex also responded that it had not misled the Court when Apex represented that Apex anticipated presenting Mr. Saperstein as a witness at a hearing because Apex had in fact planned to call Mr. Saperstein to testify.

Unbeknownst to counsel for Apex, on May 4, 2018, Mr. Saperstein called the Court and spoke with the case manager to report that Apex included misleading statements in their Motion for Sanctions. On May 8, 2018, the Court informed counsel for the parties of Mr. Saperstein's phone call and set this matter for a telephonic conference for May 21, 2018.

At the May 21, 2018 conference, Apex clarified that Mr. Saperstein's concern was related only to the billing dispute and its effect on his willingness to testify at an evidentiary hearing without being paid, which is confirmed by the emails described above. Nevertheless, in light of the conflict that had developed between Apex and Mr. Saperstein, Apex withdrew Mr. Saperstein as an expert witness in this case during the conference and affirmed that Mr. Saperstein will not be testifying under any circumstances in this case and that Apex would not be relying on Mr. Saperstein's testimony.

2. *Analysis*

Because the second motion seeks to bar Andrew Garrett's opinion on a broader procedural basis, the Court begins with the second motion. Chemworld argues that Apex should be barred from relying on Mr. Garrett's expert witness testimony for three reasons: (1) Mr. Garrett is now Apex's only expert witness and he was not timely disclosed by the October 20, 2017 deadline for expert disclosures; (2) Mr. Garrett offered an opinion different from that of Mr. Saperstein and, therefore, is not a rebuttal expert witness; and (3) Apex was allegedly not forthright with Chemworld and the

Court on February 27, 2018, by obtaining leave to disclose a rebuttal expert without disclosing that Apex's original expert, Mr. Saperstein, might not testify.

The Court finds that, because Mr. Garrett's expert testimony is offered in rebuttal to Mr. Sikorski's expert report, because Mr. Sikorski's expert report was offered in rebuttal to Mr. Saperstein's expert report, and because Mr. Saperstein's expert report is no longer being relied on by Apex in this litigation, there is no basis on which to offer Mr. Garrett's expert testimony.

Chemworld did not disclose an expert on spoliation by the October 20, 2017 expert disclosure deadline; rather, Apex disclosed Mr. Saperstein as its expert on email and/or data spoliation in support of Apex's contention that Chemworld intentionally destroyed emails during the course of this litigation. However, Mr. Saperstein's expert report is not in the record (docket entry 602 was stricken from the record), and Apex represented at the May 21, 2018 hearing that Apex will not be relying on Mr. Saperstein's testimony in this litigation. Thus, Apex no longer has a spoliation expert disclosed by the October 20, 2017 deadline.

Chemworld only disclosed Mr. Sikorski by the December 22, 2017 rebuttal expert deadline as a rebuttal expert to Mr. Saperstein's expert opinion. The opening paragraph of Mr. Sikorski's opinion states that he was retained by Chemworld to "examine four (4) forensic images of Chemworld International Limited (Chemworld) computers in response to Jerry Saperstein's October 2017 Expert Report." Each section of Mr. Sikorski's report sets out a quotation from Mr. Saperstein's expert report and then rebuts it. In his conclusion, Mr. Sikorski writes: "It is my expert opinion, within a reasonable degree of technological certainty, no intentional spoliation has occurred on any of the devices I have examined." This opinion is in direct response to Mr. Saperstein's

5

opinion that "Chemworld manipulated and destroyed data." Mr. Sikorski concluded that "Mr. Saperstein's belief that this represents ESI manipulation is unfounded."

At the February 27, 2018 hearing, Apex was granted leave to serve, by March 30, 2018, a rebuttal report to Mr. Sikorski's rebuttal report, also referred to as a "sur-rebuttal." Apex did not seek leave to file a new expert report. Apex did not indicate at the hearing that it intended to retain a new expert for the "sur-rebuttal" report. On March 30, 2018, Apex disclosed the expert report of Mr. Garrett, which is a direct rebuttal to Mr. Sikorski's rebuttal of Mr. Saperstein. In the introduction to his opinion, Mr. Garrett states that he "was asked by counsel for the plaintiff to review Jared Sikorski's expert report, Jerry Saperstein's expert report, review the hard drives of Atul Modi, Manoj Modi and Shabnam Shibad and then provide an opinion as to Mr. Sikorski's conclusion that contrary to the opinion of Mr. Saperstein, he sees no evidence of spoliation." Mr. Garrett was also asked to respond to Mr. Sikorski's opinion regarding the effect of a clean install on Manoj Modi's computer. And, finally, if he found evidence of spoliation, Mr. Garrett was asked to examine how the spoliation impacted emails to and from Paul Bykowski. Mr. Garrett's expert opinion is couched in terms of the original opinion of Mr. Saperstein and the rebuttal of Mr. Sikorski. In his conclusion, Mr. Garrett wrote, "Mr. Saperstein gave an opinion on how emails from these custodians were deleted, based on the number of emails with the same 'File Created' date. Mr. Sikorski countered that this could be explained by the fact that the computers were upgraded around the 'File Created' date. I offer no opinion on what method was used to delete the files. However, I concur with Mr. Saperstein's opinion that a large number of emails were deleted between mid 2011 and early 2012."

One cannot understand Mr. Garrett's opinion without understanding and referring to those of Mr. Saperstein and Mr. Sikorski, with Mr. Sikorski's opinion being founded on responding to Mr. Saperstein's opinions. Because Mr. Saperstein's testimony will not be presented in these proceedings, there is nothing for Mr. Sikorski to rebut, which in turn means that there is nothing for Mr. Garrett to rebut.

Apex argues that it should be permitted to offer Mr. Garrett's opinion as a stand-alone expert because he offers his own opinions and that the Court should find that the late disclosure of Mr. Garrett's opinion under Rule 37 is substantially justified and harmless. Chemworld also contends that Mr. Garrett turned out not to be a true rebuttal expert witness because he offers his own opinion different from that of Mr. Saperstein; Chemworld contends that Mr. Garrett abandoned Mr. Saperstein's position that Chemworld intentionally spoliated emails and instead opines that there was spoliation of an unknown origin. Despite the differences between Mr. Garrett's opinion and that of Mr. Saperstein, Mr. Garrett's opinion cannot stand alone as it was formulated solely in relation to the opinion of Mr. Saperstein, which is no longer at issue in this case. Mr. Garrett did not form his expert opinion based on a fresh examination of Chemworld's computer hard drives untainted by the opinion of any other expert witness, as Mr. Saperstein did when he was disclosed by Apex as the original, and only, expert witness on this issue. Rather, Mr. Garrett formed his expert opinion based on the examination of three of the four hard drives as well as the two expert reports. Although Mr. Garrett was asked additionally to analyze the data regarding the emails to and from Paul Bykowski, he did so in the context of the data and analysis produced by Mr. Sikorski.

Under a Rule 37 analysis for the late disclosure of an expert witness, the failure to timely disclose Mr. Garrett is not harmless in this case. Federal Rule of Civil Procedure 37(c)(1) provides,

7

"a party [that] fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In deciding whether an untimely disclosure of an expert is harmless, the Court evaluates "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Chemworld is prejudiced because Mr. Garrett's opinion is premised on that of Mr. Saperstein, which is no longer a part of this litigation. Chemworld would not have retained Mr. Sikorski if Apex had not first retained Mr. Saperstein. Mr. Sikorski is not a "stand-alone" expert; he is a rebuttal expert on an issue being pursued by Apex. Therefore, Mr. Sikorski's analysis is necessarily shaped by that of Mr. Saperstein, which then trickles down to the opinion of Mr. Garrett. There is no way to cure this prejudice because Mr. Garrett reviewed both expert opinions in formulating his own opinion. In addition, this case has been pending since 2014 and is set for trial in December 2018; any further delay in the expert witness proceedings would disrupt the trial setting.

Finally, the Court addresses Chemworld's assertion that Apex was not forthright in February 2018 in obtaining leave of Court to file a rebuttal expert report to Chemworld's rebuttal expert report. There is no evidence before the Court that, at the February 27, 2018 telephonic conference, Apex was aware that several months later, in May 2018, Mr. Saperstein would raise concerns about the billing dispute that would ultimately lead to Apex deciding to longer use Mr. Saperstein as an expert witness in this case. There is no evidence that in February 2018 Apex or its counsel knew that

Mr. Saperstein believed himself to have been constructively discharged in January 2018. In other words, there is no evidence that Apex's decision to retain Mr. Garrett as a rebuttal expert was premised on a decision to no longer rely on Mr. Saperstein or to deceive the Court.

For the reasons set forth above, the Court grants the Second Motion to Bar Andrew Garrett's Expert Opinion. Because this ruling bars Andrew Garrett from offering any opinions or conclusions regarding the alleged spoliation of electronically stored information in this litigation, Chemworld's first Motion to Bar Andrew Garrett's Expert Opinion is moot.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendants' Second Motion to Prohibit Andrew Garrett from Offering Expert Testimony on the Issue of Defendant Chemworld's Email and/or Data Spoliation [DE 640] and **DENIES as moot** Defendants' Motion to Prohibit Andrew Garrett from Offering Expert Testimony on the Issue of Defendant Chemworld's Email and/or Data Spoliation [DE 610]. The Court **ORDERS** that Andrew Garrett is barred from offering any opinions or conclusions regarding the alleged spoliation of electronically stored information in this litigation.

As a result, the Court **LIFTS** the stay of briefing on Apex's Motion for Sanctions [DE 631] and **ORDERS** that the deadline for Defendants to respond to the Motion for Sanctions [DE 631] is **July 17, 2018**.

So ORDERED this 2nd day of July, 2018.

    s/ Paul R. Cherry
    MAGISTRATE JUDGE PAUL R. CHERRY
    UNITED STATES DISTRICT COURT